UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASHINGTON STATE SUPERIOR COURT OF THURSTON COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN SIOUX GREEN, also known as CAROLYN BECKER,<br><br>Defendant. | Case No. 3:25-cv-05317-TMC<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL |

This matter comes before the Court on Pro Se Defendant Carolyn Sioux Green's motion for extension of time to file an appeal. Dkt. 30. On April 16, 2025, Ms. Green removed this case from Thurston County Superior Court to this Court. Dkt. 1. Upon review of the complaint and related documents, the Court determined it lacked subject matter jurisdiction over the action. Dkt. 27 at 1–2. The Court ordered the case remanded on May 15, 2025. *See id.*

On August 7, 2025, Ms. Green moved for an extension of time to file an appeal of the Court's remand order. Dkt. 30. In her motion, she explains that she was involved in a serious car accident and was treated for several injuries, including a concussion. *Id.* at 1. This medical care

ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL - 1

continued through August 6, 2025. *Id.* Thus, Ms. Green argues, good cause exists for granting the extension. *Id.* at 2.

As Ms. Green notes, Federal Rule of Appellate Procedure 4(a) governs the timeline for filing an appeal and requesting a related extension. *Id.* Under Rule 4(a)(1)(A), an individual has 30 days after the entry of the judgment or order to file an appeal. If one of the parties is the United States, or one of its officers or employees, an individual has 60 days to file. Fed. R. App. P. 45(a)(1)(B). These deadlines are "mandatory and jurisdictional." *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam); *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir.1994) (per curiam).

Under Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal if: (i) a party moves for an extension no later than 30 days after the time prescribed in Rule 4(a)(1) expires; and (ii) the party shows excusable neglect or good cause for the requested delay. Both requirements must be met for a court to grant an extension. *See, e.g.*, *Pettitt v. Chiang*, 357 F. App'x 50, 51 (9th Cir. 2009); *Alaska Limestone*, 799 F.2d at 1411 ("The district court may extend this period if two requirements are met[.]").

Here, the Court ordered the case remanded on May 15, 2025. Dkt. 27. The parties are Ms. Green and the Superior Court of Thurston County, a state entity. Dkt. 1. Accordingly, neither party is the United States or one of its officers or employees. Fed. R. App. P. 45(a)(1)(B). Thus, Ms. Green had 30 days after May 15, 2025 to either file her appeal or move for an extension. Fed. R. App. P. 45(a)(1)(A). This means Ms. Green had until June 16, 2025 to file her appeal. *See id.* And she had until July 16, 2025 to move for an extension of time. Fed. R. App. P. 45(a)(5)(A).

But Ms. Green did not move for an extension of time until August 7, 2025. *See* Dkt. 30. Thus, Ms. Green's motion was untimely under Rule 45(a)(5)(A)(i). For this reason, the Court is required to deny Ms. Green's motion. *See Alaska Limestone*, 799 F.2d at 1411.

Further, Ms. Green has not demonstrated good cause for the delay. Ms. Green states that her accident-related injuries required medical treatment through August 6. Dkt. 30 at 1. She provided medical records. *Id.* at 4–8. The Court does not question the severity of her injuries or the challenges they may have created for her. But the Court notes that the accident occurred, and Ms. Green began treatment, on June 20, 2025. *Id.* at 4. That means the accident occurred after the deadline for filing the appeal had expired. *See id.*; *see* Fed. R. App. P. 45(a)(5)(A)(i). Ms. Green could have filed within 30 days after the Court's order, before the accident that created these difficulties. Thus, the Court finds, good cause does not exist for her delay. *See* Fed. R. App. P. 45(a)(5)(A)(ii).

For these reasons, the Court DENIES the motion for an extension of time to file an appeal. Dkt. 30. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of August, 2025.

Tiffany M. Cartwright
United States District Judge